

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

| | |
|---|---|
| MICHELLE STRONG § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 3:12CV69 HTW-LRA |
| § | |
| § | Complaint |
| JACOB LAW GROUP PLLC § | AND |
| JACOB COLLECTION GROUP LLC § | |
| MICHAEL A. JACOB II § | |
| JOHN DOES 1-5 § | |
| § | |
| Defendant § | Demand for Jury Trial |

## COMPLAINT

COMES NOW the Plaintiff, MICHELLE STRONG, (hereafter the "Plaintiff"), by Counsel, Dennis McCarty and Gregory J. Faries, and for her complaint against the Defendants, JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II, alleges as follows:

### PRELMINARY STATEMENT

1. This an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 et seq. (Federal Fair Debt Collect Act) and for the defendants' intentional infliction of emotional distress.

### JURISDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. 1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is resident and citizen of Hinds County, the State of Mississippi, and the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, JACOB LAW GROUP PLLC, (hereafter Jacob's Law Group) is a domestic For-Profit Corporation conducting debt collection in the state of Mississippi and may be served through its registered agent, DeVoe Richard, 1420 North Lamar Suite 101, P.O. Box 1237, Oxford MS 38655. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)[1]

6. Defendant, JACOB COLLECTION GROUP LLC, (hereafter Jacob's Law Group) is a domestic For-Profit Corporation conducting debt collection in the state of Mississippi and may be served through its registered agent, DeVoe Richard, 1420 North Lamar Suite 101, P.O. Box 1237, Oxford MS 38655. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)[2]

---

[1] 15 U.S.C. § 1692a "Definitions"
As used in this subchapter—
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[2] 15 U.S.C. § 1692a "Definitions"
As used in this subchapter—
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant, MICHAEL A. JACOB II, (hereafter Jacob's Law Group) is a individual who collects debt and whose place of business, and where he can be served, is 2623 West Oxford Loop, Oxford, MS, 38655-5442. Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6)[3] MICHAEL A. JACOBS II can be held liable under the definition of a debt collector. *See KISTNER v. LAW OFFICES OF MICHAEL MARGELEFSKY LLC*, 518 F.3d 433 (6th Cir. Feb. 26 2008)

8. John Does 1 through 5 are parties who have participated in the actions complained of herein, but whose identities are unknown to the Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

10. Jacob's Law Group, a debt collector, has been attempting to collect a debt from Michelle Strong.

11. In the process of attempting to collect the debt from Michelle Strong, Jacob's Law Group has purposefully violated the Fair Debt Collection Act.

12. Jacob's Law Group has threatened to incarcerate Michelle Strong, take her money out of her bank account via nonjudicial action, garnish her wages, serve her at her place of employment, and file a lawsuit.

13. Besides these cowardly threats, Jacob's Law Group has also made false representations as to whether a lawsuit had been filed against her and made false representations that an individual was speaking on behalf of a lawyer to her.

---

[3] 15 U.S.C. § 1692a "Definitions"
As used in this subchapter—
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3

14. Through out this ordeal, Jacob's Law Group has failed to timely and properly disclose to Michelle Strong her rights under the Fair Debt Collection Act.

15. Jacob's Law Group has also attempted to collect money that was added to the original debt and is attempting to collect on a debt that has already been satisfied.

16. Therefore, Jacob's Law Group has violated the Fair Debt Collection Act via these intentional deeds. .

## CAUSES OF ACTION

17. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

18. This suit is based upon the collaborative effort of JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II to collect a debt from the plaintiff. And therefore, working together, JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II violated the Fair Debt Collection Act. Collectively, JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II are referred to as Jacob's law group, unless referenced to differently.

19. Plaintiff suffered damages from Defendants' violation of the Fair Debt Collection Act and their intentional infliction of emotional distress.

### *Count I: Fair Deb Collection Act*

20. Plaintiff incorporates the foregoing paragraphs and footnotes as though the same were set forth at length herein.

21. This suit is brought against Defendants, because the damages were caused by their violation of the Fair Debt Collection Act.

4

22. In all instances of violating the Fair Debt Collection Act, Defendants did so willfully and/or negligently.

23. Under, 15 U.S.C. §1692k[4], the Plaintiff is entitled to recover actual and statutory damages and reasonable attorneys' fees.

**i. Violation of 15 U.S.C. §1692d**

24. Jacob's Law Group has violated 15 U.S.C. §1692d(2)[5] by threatening to incarcerate the plaintiff, serve the plaintiff at her place of employment, garnish the plaintiff's wages before a lawsuit has been filed, and falsely indicating a lawsuit had been filed against the Plaintiff. Jacob's Law Group committed all these violations via telephone conversion with the plaintiff. Therefore, with the use of language with the natural of consequence of which is to abuse the hearer and reader, Jacob's Law Group has violated 15 U.S.C. §1692d(2)

**ii. Violation of 15 U.S.C. §1692e**

25. Jacob's Law Group has violated 15 U.S.C. §1692e(5)[6] by threatening to incarcerate the plaintiff, serve the plaintiff at her place of employment, and garnish/take

---

[4] 15 U.S.C. §1692k "Civil Liability"
(a) Amount of damages
Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2)
(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000

[5] 15 U.S.C. §1692d(2) "HARASSMENT OR ABUSE"
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

[6] 15 U.S.C. § 1692e(5) "FALSE OR MISLEADING REPRESENTATIONS"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

the plaintiff's wages before a lawsuit has been filed. Jacob's Law Group threaten to take these actions knowing or should have known that they could not legally take these actions. Furthermore, Jacob's Law Group threaten to commit illegal actions knowing that they had no intention of committing these actions. Therefore, with the threat to take actions that they knew or should have known to not be legal and threatening to commit illegal actions they had no intentions of carrying out, Jacob's Law Group has violated 15 U.S.C. §1692e(5).

26. Jacob's Law Group has violated 15 U.S.C. §1692e(7)[7] by threatening to incarcerate the plaintiff and falsely indicating a lawsuit had been filed against the Plaintiff. Jacob's Law Group made a false representation and an implication that the consumer committed a crime by threatening to incarcerate the plaintiff. Furthermore, Jacob's Law Group intended to disgrace the plaintiff with the threat of incarceration and statement that a lawsuit had been filed against the plaintiff. Therefore, with the purposeful false representation and implication that the consumer committed a crime and with the purposeful intent to disgrace the plaintiff with the representation that a lawsuit had been filed, Jacob's Law Group has violated 15 U.S.C. §1692e(7).

---

[7] 15 U.S.C. § 1692e(7) "FALSE OR MISLEADING REPRESENTATIONS"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

27. Jacob's Law Group has violated 15 U.S.C. §1692e(2)[8] by making a false and misleading representation as to the amount of debt owed by the plaintiff. Jacob's Law Group has made the representation via letter that the plaintiff owes $1220.26. But no where on the plaintiff's credit report does it show that the plaintiff owes this amount. And specifically for the account from the Credit report, which Jacob's Law Group claims to be collecting, the account makes no mention to the amount Jacob's Law Group is claiming the plaintiff owes. Furthermore, the plaintiff paid off this debt in full. Since the debt is paid in full, Jacob's Law Group is illegally trying to collect a debt. Therefore, by making false and misleading representation as to the amount owed and that the debt was not satisfied, Jacob's Law Group has violated 15 U.S.C. §1692e(2).

28. Jacob's Law Group has violated 15 U.S.C. §1692e(10)[9] by making a false and misleading representation as to its(or his) ability to incarcerate the plaintiff, serve the plaintiff at her place of employment, and threatening to take/garnish her wages by nonjudicial force. Jacob's Law Group made threats knowing full well that they were false and misleading. Jacob's Law Group used these false and misleading statements to the plaintiff in the attempt to collect a debt. Therefore, with these false and misleading statements, Jacob's Law Group has violated 15 U.S.C. §1692e(10).

---

[8] 15 U.S. C. § 1692e(2) "FALSE OR MISLEADING REPRESENTATIONS"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

[9] 15 U.S. C. § 1692e(10) "FALSE OR MISLEADING REPRESENTATIONS"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC has violated 15 U.S.C. §1692e(10)[10] by making a false, deceptive, and misleading representation that a person was collecting on behalf of an attorney. A person called and sent a letter claiming that this account had been handed over to a law firm, JACOB LAW GROUP PLLC. This practice is false, deceptive, and misleading, because an attorney never directed a person to call or to send a letter to the plaintiff. Therefore, with the false, deceptive, and misleading representation that an attorney was attempting to collect a debt from the plaintiff, JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC has violated 15 U.S.C. §1692e(10).

30. Jacob's Law Group is currently violating 15 U.S.C. §1692e(10)[11] by using false representation or deceptive means to collect a debt. Already knowing that the debt no longer exists, Jacob's Law Group continues to try to collect the debt. This action is a deliberately false representation to the plaintiff. Furthermore, trying to collect a debt that Jacob's Law Group knows to not exist is a deceptive practice to keep a debt alive, which the plaintiff does not owe. Therefore, with false representations and deceptive practices, Jacob's Law Group has violated and continues to violate 15 U.S.C. §1692e(10).

---

[10] 15 U.S.C. § 1692e(10) "FALSE OR MISLEADING REPRESENTATIONS"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

[11] 15 U.S.C. §1692e (10) "False or Misleading Representation"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Jacob's Law Group violated 15 U.S.C. §1692e(11)[12] by failing in its initial communication with the consumer via telephone on or around November 22, 2011, to disclose that it is a debt collector and attempting to collect a debt and any information obtained will be used for that purpose. Jacob's Law Group failure to disclose what it is and what it will do with any information obtained from the plaintiff is a deliberate violation of 15 U.S.C. §1692e(11).  Reggie Davis called on behalf of Jacob's Law Group .Therefore, with the failure to give proper disclosure to the plaintiff in its initial oral communication with the plaintiff, Jacob's Law Group violated 15 U.S.C. §1692e(11).

32. Jacob's Law Group Violated 15 U.S.C. §1692e(4)[13] by implicating that nonpayment of the debt would result in arrest or imprisonment and that they would seize the plaintiff's funds from her bank account, when they had no lawful right to the funds and had no intention of carrying out these actions. Therefore, with their baseless threats and lack of legal authority to arrest and seize the plaintiff funds, Jacob's Law Group Violated 15 U.S.C. §1692e(4).

---

[12] 15 U.S.C. §1692e(11) "False or Misleading Representation"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
[13] 15 U.S.C. §1692e "False or Misleading Representation"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

33. JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC violated 15 U.S.C. §1692e(3)[14] by making a false representation or implication that any individual is an attorney or that any communication is from an attorney. Upon information and belief, MICHAEL A. JACOB II did not review the debtor's file; he did not determine when the particular letters should be sent; he did not approve the sending of particular letters based upon the recommendations of others; and he did not see particular letters before they were sent-indeed; he did not even know the identity of the person to whom the letters were issued. Therefore, because of MICHAEL A. JACOB II's failures and ineptitude and JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC false representations via mail, JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC violated 15 U.S.C. §1692e(3).

34. JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC violated 15 U.S.C. §1692e(3)[15] by making a false representation or implication that any individual is an attorney or that any communication is from an attorney. JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC called the plaintiff and claimed that they were communicating on behalf of an attorney; when in fact, the communication never came from an attorney. Upon information and belief, MICHAEL A. JACOB II did not review the debtor's file; he did not determine if the plaintiff should be

---

[14] 15 U.S.C. §1692e(3) "False or Misleading Representation"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
 (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

[15] 15 U.S.C. §1692e(3) "False or Misleading Representation"
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
 (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

called; he did not approve the calling of the plaintiff based upon the recommendations of others; and he did not oversee or command someone to call the plaintiff; he did not even know the identity of the person. Therefore, because of MICHAEL A. JACOB II's failures and ineptitude and JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC false representations via telephone, JACOB LAW GROUP PLLC and JACOB COLLECTION GROUP LLC violated 15 U.S.C. §1692e(3).

### iii. Violation of 15 U.S.C. §1692f

35. Jacob's Law Group has violated 15 U.S.C. §1692f(1)[16] by attempting to collect an amount in excess of the amount owed on the basis that the plaintiff owes interest, fee, charge, and/or expense incidental to the principal obligation. Jacob's Law Group is attempting to collect an amount based on interest, fee charge, and/or expense incidental to the principal obligation that is not authorized by the agreement creating the debt or permitted by the law. Therefore, by attempting to collect an amount based off interest, fee charge, and/or expense incidental to the principal obligation that is not authorized by the agreement creating the debt or permitted by the law, Jacob's Law Group has violated 15 U.S.C. §1692f(1).

---

[16] 15 U.S. C. § 1692f(1) UNFAIR PRACTICES
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. Jacob's Law Group has violated 15 U.S.C. §1692f(6)[17] by threatening to seize the plaintiff's funds out of her bank account. Jacob's Law Group threatened over the phone that they had the plaintiff's bank account number and routing number and inferred that they would immediately drain the funds if the plaintiff did not pay or did not agree to a payment schedule. (The plaintiff, out of fear of such action, immediately changed banks) Jacob's Law Group had no present intention to take possession of the plaintiff funds (property) when they made this baseless threat against the plaintiff. Therefore, with the threat of taking nonjudicial action to deprive the plaintiff of her funds in her bank account, Jacob's Law Group has violated 15 U.S.C. §1692f(6)[18]

### iv. Violation of 15 U.S.C. §1692g[19]

37. Jacob's Law Group has violated 15 U.S.C. §1692g(a)(3)[20] by failing to send written notice informing the plaintiff that she had 30 days to dispute the debt. Jacob's

---

[17] 15 U.S.C. § 1692f(6) UNFAIR PRACTICES
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(B) there is no present intention to take possession of the property; or
(C) the property is exempt by law from such dispossession or disablement.

[18] 15 U.S.C. § 1692f(6) UNFAIR PRACTICES
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(B) there is no present intention to take possession of the property; or
(C) the property is exempt by law from such dispossession or disablement.

[19] *See* Exhibit A

[20] 15 U.S.C. § 1692g(a)(3) VALIDATION OF DEBTS
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

Law Group makes no mention that if the debtor fails to dispute the debt in thirty days the debt will be deemed valid. Therefore, with the failure to give notice of this right bestowed upon the plaintiff by the Fair Debt Collection Act, Jacob's Law Group has violated 15 U.S.C. §1692g(a)(3).

38. Jacob's Law Group has violated 15 U.S.C. §1692g(a)(4)[21] by failing to give written notice that the plaintiff has a right to have the debt collector obtain verification of the debt. Jacob's Law Group never sent written notice of this right to the plaintiff. Therefore, with the failure to send a written notice of the right to request the debt collector to obtain verification of the debt, Jacob's Law Group has violated 15 U.S.C. §1692g(a)(4).

36. Jacob's Law Group has violated 15 U.S.C. §1692g(a)(5)[22] by failing to supply the plaintiff with a statement that upon the consumer's request the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Jacob's Law Group claims to be collecting on the behalf of HSBC. Jacob's Law Group provided no information pertaining to the plaintiff's rights under 15 U.S.C. §1692g(a)(5). Therefore, with the failure to provide the information pertaining to the consumer's right to request information from the debt collector about the original creditor, Jacob's Law Group has violated 15 U.S.C. §1692g(a)(5).

---

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
[21] Id.
[22] Id.

13

39. Jacob's Law Group violated 15 U.S.C. §1692g(a)(3)(4)&(5)[23] by failing to disclose all the required disclosures by 15 U.S.C. §1692g(a) in the initial communication. And after failing to disclose the mandated information by 15 U.S.C. §1692g(a) in the initial communication, Jacob's Law Group failed to send a written notice within five days of the initial communication disclosing all the mandated information by 15 U.S.C. §1692g(a). The plaintiff received a phone call from Jacobs Law Group on or about November 22, 2011. The representative of Jacob's Law Group never once disclosed all the required disclosures by 15 U.S.C. §1692g(a). After failing to disclose the required information in the initial communication, Jacob's Law Group failed to disclose all of the required information by 15 U.S.C. §1692g(a) in their written notice in a timely manner. Jacob's Law Firm mailed the plaintiff a written notice on or about November 29, 2011. Taking the slight delay in the mail in account, the plaintiff did not receive a written notice required by 15 U.S.C. §1692g(a) until almost eight days after the initial communication. Therefore, with the failure to make proper disclosures in the initial communications and the failure to send a timely notice, Jacob's Law Group violated 15 U.S.C. §1692g(a)(3)(4)&(5).

---

[23] 15 U.S. C. § 1692g(a)(3) VALIDATION OF DEBTS
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**v. Violation of 15 U.S.C. §1692k**

40. Jacob's Law Group is currently violating 15 U.S.C. §1692k by violating 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692f, & 15 U.S.C. §1692g. As stated by 15 U.S.C. §1692k, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." Therefore, with Jacob's Law Group's violation of 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692f, & 15 U.S.C. §1692g, Jacob's Law Group has violated 15 U.S.C. §1692k.

### Count II: Intentional Infliction of Emotional Distress

41. In JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II's collaborative effort to collect a debt from the plaintiff, their actions were "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[24] Working together, JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC, & MICHAEL A. JACOB II threatened to arrest and imprison the plaintiff. They threatened to transfer the plaintiff's funds out of her bank account without a legal order. Further, they called her at work and threatened to serve her at work if she did not agree with their requests to pay the debt or agree to a payment plan. Additionally, they called her at work and threatened to withdraw money from her account if she did not agree to pay the debt or a payment plan. All of these actions were designed to instill fear and emotional distress in the plaintiff and coerce her into

---

[24] *Speed v. Scott,* 787 So.2d 626, 630 (¶ 18) (Miss.2001)

15

paying. Therefore, with the defendant's collaborative effort, they intentionally inflicted emotional distress in the attempt to collect a debt.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, JACOB LAW GROUP PLLC, JACOB COLLECTION GROUP LLC & MICHAEL A. JACOB II, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

(d) Punitive damages

(e) Such other and further relief as may be necessary, just and proper.

Dated: January, 3 1st, 2012

Respectfully submitted,

_____
GREGORY J. FARIES
ATTORNEY FOR PLAINTIFF
P O BOX 321402
FLOWOOD  MS 39232
TELEPHONE: 601-939-9906
FACSIMILE: 601-939-9959
EMAIL gfaries@gmail.com
MSB # 5138
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net

16